IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ROGER W. MILLER, a resident of the State of Texas, <br><br>Plaintiff, <br><br>v. <br><br>EQUIFAX INFORMATION SERVICES, LLC, a Georgia corporation, <br>TRANS UNION, LLC, a Delaware corporation, <br>EXPERIAN INFORMATION SOLUTIONS, INC., a Ohio corporation, <br>TENET HEALTHCARE CORPORATION, a Nevada Corporation, and SYNDICATED OFFICE SYSTEMS, INC. d.b.a. CENTRAL FINANCE CONTROL, a California company, <br><br>Defendants. | **Plaintiff's First Amended Petition** <br>Case No.: 3:10-CV-00428 |

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, ROGER W. MILLER (MILLER), complaining of EQUIFAX INFORMATION SERVICES., LLC., a Georgia corporation, TRANS UNION, LLC, a Delaware corporation, EXPERIAN INFORMATION SOLUTIONS, INC., a Ohio corporation, SYNDICATED OFFICE SYSTEMS, INC. d.b.a. CENTRAL FINANCE CONTROL, a California corporation, and TENET HEALTHCARE CORPORATION, a Nevada corporation, and for causes of action would show as follows:

### Introduction

1. At all time relevant to this lawsuit, MILLER was a resident of El Paso County, Texas.

*First Amended Petition*　　　*Page 1*

2. EQUIFAX INFORMATION SERVICES., LLC, (EQUIFAX), a Georgia Limited Liability Corporation, organized and existing in and under the laws of the State of Georgia. EQUIFAX has already been properly served by served and appeared in this cause of action. At all time relevant EQUIFAX was duly authorized and was conducting business in the State of Texas.

3. TRANS UNION, LLC, (TRANS UNION), a Delaware corporation, organized and existing in and under the laws of the State of Delaware. TRANS UNION has already been properly served and appeared in this cause of action. At all time relevant TRANS UNION was duly authorized and was conducting business in the State of Texas.

4. EXPERIAN INFORMATION SOLUTIONS, INC., (EXPERIAN), a Ohio corporation, organized and existing in and under the laws of the State of Ohio and may be served by serving its registered agent CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201. At all time relevant EXPERIAN was duly authorized and was conducting business in the State of Texas.

5. EQUIFAX, TRANS UNION, AND EXPERIAN (hereinafter the BUREAUS) are national credit reporting bureaus.

6. SYNDICATED OFFICE SYSTEMS d.b.a. CENTRAL FINANCE CONTROL (CFC), a California corporation, organized and existing in and under the laws of the State of California. CFC has already been properly served in this case. At all time relevant SYNDICATED OFFICE SYSTEMS d.b.a. CENTRAL FINANCE CONTROL was duly authorized and was conducting business in the State of Texas.

7. TENET HEALTHCARE CORPORATION, (TENET), a Nevada corporation, organized and existing in and under the laws of the State of Nevada. TENENT has appeared and agreed to accept service by mailing its attorney of record Guillermo J. Chavez, **G.J. Chavez & Associates, P.C.**, 800

*First Amended Petition*     Page 2

East Campbell Road, Suite 345, Richardson, Texas 75081. At all time relevant, TENET was duly authorized and was conducting business in the State of Texas.

8. All Defendants are either joint tort-feasors with each other and are jointly and severally liable for the acts and omissions described herein, or are otherwise secondary liable for such acts and omissions, or were agents, servants, and employees of the remaining co-defendants, and each was at all times acting within the scope of said agency, services, and employment.

9. Venue is proper is proper pursuant to 28 U.S.C. §1441 (a).

10. Jurisdiction is proper pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1367.

## Factual Summary

11. The above allegations are incorporated herein by reference for all purposes.

12. On or about June 26, 2006, CFC billed MILLER $292.50 for medical services provided to MILLER by TENET.

13. On or about June 26, 2006, after receiving the CFC's bill, Yvette Muir, MILLER assistant, called TENET and discussed the this bill.

14. Ms. Muir spoke with Terry Mayo, a TENET employee, who informed her that Aetna, MILLER'S health insurance company, was being billed and to wait for an adjusted amount.

15. On or about July 5, 2006, Ms. Muir followed up with TENET about the billing status. Laura, a TENET employee, explained to Ms. Muir that nothing had changed and it could take up to six weeks.

16. AETNA did not receive a bill from TENET, for the services rendered to MILLER in January 2006, until October 02, 2006.

17. On or about October 14, 2006, Aetna informed MILLER that it had paid $114.00 on the bill from TENET.

18. AETNA explained that TENET "may" bill for the remaining $178.50.

19. MILLER did not receive another bill from CFC until March 2007.

20. CFC's March 2007 was for the correct amount of $178.50.

21. CFC's March 2007 bill explained that the account had already been reported to the credit reporting agencies.

22. March 2007, after CFC had damaged MILER'S credit, was the first time MILLER received a bill from CFC or TENET for the correct amount owed.

23. MILLER paid immediately after receiving the bill containing the correct billed amount.

24. TENET and CFC actions have damaged MILLER'S credit.

25. MILLER has made several attempts over three years to resolve TENET and CFC'S incorrect reporting to the BUREAUS of his account being in collection.

26. Upon information and belief, TENNET and CFC have belligerently refused to correct the error.

27. At MILLER'S request the BUREAUS have investigated the problem and have removed the error from MILLER'S credit report on several occasions.

28. Unfortunately, upon information and belief, each time the error was removed it has been reinserted on to MILLER'S credit report.

29. Upon information and belief, the BUREAUS gave MILLER no notice that the error would be reinserted on his credit report.

30. As a direct consequence of TENET and CFC's actions MILLER was forced to pay 2% higher interest on his home mortgage.

## Count One
### Violations of the Fair Credit Reporting Act
### (the Bureaus)

31. MILLER re-alleges and incorporates by reference all allegations of this pleading, as if set out fully in this claim for relief.

32. Upon information and belief, the Bureaus violated 15 USC 1681i (d) of the Fair Credit Reporting Act by failing to note on each credit report that MILLER disputed TENET'S error on the credit report.

33. Upon information and belief, the Bureaus also violated 15 USC 1681i (a)(4), by failing to consider MILLER'S information when investigating TENET'S error.

34. Upon information and belief, the Bureaus also violated 15 USC 1681i (a)(5)(B), by failing to notify MILLER within five (5) days of reinserting TENET'S error on MILLERS credit report.

35. Upon information and belief, the Bureaus also violated 15 USC 1681i (c).

## Count Two
### Violations of the Debt Collection Act
### (TENET and CFC)

36. MILLER re-alleges and incorporates by reference all allegations of this pleading, as if set out fully in this claim for relief.

37. Upon information and belief, TENET and CFC knowingly provided inaccurate information about MILLER to the BUREAUS.

38. Upon information and belief, TENET and CFC failed to correct MILLER'S information.

39. Upon information and belief, TENET and CFC failed to notify the BUREAUS of the inaccurate information about MILLER.

40. Upon information and belief, TENET and CFC knowingly misrepresented the amount MILLER owed TENET in violation of Texas Finance Code Section 392.304(a)(8).

41. Upon information and belief, TENET used CFC debt collection services knowing that CFC was violating Section 392 of the Texas Finance Code.

### Count Three
### Violation of the Texas Deceptive trade Practices Act
### (TENET and CFC)

42. Upon information and belief, TENET and CFC knowing violation of Texas Finance Code Section 392.304(a)(8) constitute a deceptive trade practice.

43. Upon information and belief, TENET and CFC violation of the Texas Finance Code creates a violation of the Texas Deceptive Trade Practices Act pursuant to Section 392.404 of the Texas Finance Code and Section 17.50 (h) of the Texas Business and Commerce Code.

### Count Four
### Libel
### (all parties)

44. Upon information and belief, TENET, CFC, and the BUREAUS knew the information about MILLER was inaccurate.

45. Upon information and belief, TENET, CFC, and the BUREAUS defamatory statements about MILLER were objectively verifiable.

46. Upon information and belief, TENET, CFC, and the BUREAUS caused the defamatory statements to be published.

47. MILLER'S credit report was a private issue.

48. Upon information and belief, TENET, CFC, and the BUREAUS defamatory statements financially injured MILLER.

49. TENET, CFC, and the BUREAUS caused actual damages to MILLER.

## Attorney's Fees

50. Attorney's fees and cost are warranted pursuant to Section 1681o of the Fair Credit Reporting Act.

51. Attorney's fees and cost are also warranted pursuant to Section 392.404 of the Texas Finance Code.

52. Attorney's fees are mandatory under Section 17.50 of the Texas Business and Commerce Code.

53. Attorney's fees and cost are warranted pursuant to Texas Civil Practices and Remedies Code, Section 38.001.

## Demand for Jury Trial

54. MILLER demands a jury trial for all causes of action.

**WHEREFORE**, MILLER prays for judgment, as follows:

 A. Actual damages;

 B. Economic damages;

 C. Statutory damages;

 D. Removal of inaccurate statements from MILLER'S credit report;

 E. Permanent injunction enjoining TENET and/or CFC from re-reporting the inaccurate statements that are subject of this lawsuit to the Bureaus or any credit reporting agency;

 E. Pre and post judgment interest;

 F. Reasonable and necessary Attorney's fees;

 G. Court costs; and

 H. All additional damages this court may find just and deserving.

*First Amended Petition*  *Page 7*

                          Respectfully submitted,

                          THE LAW OFFICES OF
                          STEPHEN H. NICKEY
                          1201 N. Mesa, Suite B
                          El Paso, Texas 79902
                          (915) 351-6900
                          (915) 351-6901 facsimile

By: _____
            STEPHEN H. NICKEY
            State Bar No. 15014225
            Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I, STEPHEN H. NICKEY, do hereby certify that a true copy of the above was faxed on this the 1st day of December 2010 to the following:

Jeremiah Johnson Anderson
**King & Spalding, LLP**
1100 Louisiana, Suite 4000
Houston, Texas 77002
(713) 751-3290 (fax)
*Attorney for EQUIFAX INFORMATION SERVICES, LLC*

Marc F. Kirkland
**Strasburger & Price, LLP**
2801 Network Blvd., Suite 600
Frisco, Texas 75034
(469) 227-6575 (fax)
*Attorney for TRANS UNION, LLC*

Guillermo J. Chavez
**G.J. Chavez & Associates, P.C.**
800 East Campbell Road, Suite 345
Richardson, Texas 75081
(972) 340-6788 (fax)
*Attorney for TENET HEALTHCARE CORPORATION, and*
*SYNDICATED OFFICE SYSTEMS, INC. d.b.a. CENTRAL FINANCE CONTROL*

STEPHEN H. NICKEY

*First Amended Petition*     Page 9